UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT A. DOANE<br><br>Plaintiff,<br><br>v.<br><br>BENEFYTT TECHNOLOGIES, INC. f/k/a HEALTH INSURANCE INNOVATIONS, INC.; GAVIN SOUTHWELL; MICHAEL DEVRIES; and JOHN and/or JANE DOE and/or XYZ COMPANY,<br><br>Defendants. | C.A. No. |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendants Benefytt Technologies, Inc. f/k/a Health Insurance Innovations, Inc., Gavin Southwell, Michael Devries, and John and/or Jane Doe and/or XYZ Company (collectively "Defendants") file this Notice of Removal and remove this action from the Superior Court of the Commonwealth of Massachusetts for Middlesex County to the United States District Court for the District of Massachusetts. As grounds for removal the Defendants state:

## STATE COURT ACTION

1. Plaintiff Robert A. Doane filed a complaint against Benefytt Technologies, Inc. f/k/a Health Insurance Innovations, Inc. ("Benefytt"), Gavin Southwell, Michael Devries, and John and/or Jane Doe and/or XYZ Company on January 14, 2022 in the Superior Court of the Commonwealth of Massachusetts, Middlesex County, which was assigned Civil Action No. 2881CV00215.

2. Doane seeks to recover for alleged breaches of the Telephone Consumer Protection Act, the Massachusetts Telemarketing Solicitation Act, and the Massachusetts

Consumer Protection Act, as well as claims for invasion of privacy and conspiracy. (*See* Exhibit A, Complaint ¶ 1)

## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Venue is proper in the United States District Court for the District of Massachusetts because this is the federal judicial district and division within which the state court action was filed. 28 U.S.C. § 1441.

4. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders in this case as Exhibit A.

5. Benefytt received service of process on March 17, 2022. *See* Ex. A ("as-served" complaint with date stamp). This Notice of Removal is filed within 30 days of Defendants' receipt of the complaint, and is therefore timely. 28 U.S.C. § 1446(b).

6. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County and will serve such notice on Plaintiff in compliance with 28 U.S.C. § 1446(d). Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81.1(a) submission.

7. All Defendants consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

## FEDERAL QUESTION JURISDICTION

8. A civil action filed in state court may be removed to federal district court if at least one of the claims asserted therein "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(a).

9. The Plaintiff's Complaint includes claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (*See* Exhibit A, Complaint ¶¶ 105-131)

Accordingly, this Court has original jurisdiction over this matter and the Defendants may remove it to this Court. 28 U.S.C. § 1441(a).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiff's state law claims are all part of the same "case and controversy" as the Plaintiff's Telephone Consumer Protection claims. Indeed, the Plaintiff's state and federal law claims all arise from the allegation that Defendants unlawfully marketed health insurance products to consumers in Massachusetts, including the Plaintiff. (*See* Exhibit A, Complaint ¶¶ 1-3).

## DIVERSITY JURISDICTION

11. Diversity jurisdiction is available when: (A) there is complete diversity of citizenship among the parties; and (B) the amount in controversy exceeds $75,000. 28 U.S.C §§ 1332(a), 1441(a). As illustrated below, diversity jurisdiction is present in this case.

### A. Complete Diversity

12. Plaintiff Robert Doane is a citizen of the United States and the Commonwealth of Massachusetts who is domiciled in Tisbury, Massachusetts 01880. Therefore, Doane is a citizen of Massachusetts for diversity purposes.

13. Defendant Benefytt is a Delaware corporation with a principal place of business at 3450 Bushwood Park Drive, Tampa, Florida 33618. Therefore, Benefytt is a citizen of Delaware and Florida for diversity purposes.

14. Defendant Gavin Southwell is a citizen of the United States and is a resident of the State of Florida. Therefore, Southwell is a citizen of Florida for diversity purposes.

15. Defendant Michael DeVries is a citizen of the United States and a resident of the State of Florida. Therefore, DeVries is a citizen of Florida for diversity purposes.

16. Defendant John and/or Jane Doe and/or XYZ Company are treated as fictitious persons and entities, so their citizenship should be disregarded in determining the Court's jurisdiction. 28 U.S.C. § 1441.

**B. Amount in Controversy**

17. The amount-in-controversy requirement is satisfied because Plaintiff asserts claims for breach of the Telephone Consumer Protection Act, the Massachusetts Telephone Solicitations Act, the Massachusetts Consumer Protection Act, and the Massachusetts Right to Privacy Act that purportedly total more than $75,000. (*See* Exhibit A, Complaint ¶ at 105-169).

## CONCLUSION

Defendants request that the United States District Court for the District of Massachusetts accept this Notice of Removal and assume jurisdiction of this action.

| | |
|---|---|
| Dated: April 7, 2022 | Respectfully submitted, |
| | BENEFYTT TECHNOLOGIES, INC. f/k/a HEALTH INSURANCE INNOVATIONS, INC., GAVIN SOUTHWELL, MICHAEL DEVRIES, and JOHN and/or JANE DOE and/or XYZ COMPANY, |
| | By their attorneys, |
| | /s/ Allison M. O'Neil<br>Allison M. O'Neil BBO# 641330<br>Allison.ONeil@lockelord.com<br>111 Huntington Avenue, 9th Floor<br>Boston, MA  02199<br>T: 617-239-0729 |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 7th day of April, 2022, I caused a copy of the within Notice of Removal to be served by first class mail on Plaintiff at the following address:

Richard B. Reiling
Bottone Reiling
63 Atlantic Ave., 3rd Floor
Boston, MA 02110
richard@bottonereiling.com

David Pastor
Pastor Law Office
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
dpastor@pastorlawoffice.com

                /s/ Allison M. O'Neil
                Allison M. O'Neil